# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 16-1315V
Filed: January 11, 2019
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ROBERT ST. PIERRE, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

Reasonable attorneys' fees and costs;
Guillain-Barré syndrome ("GBS");
Pneumococcal conjugate ("Prevnar-13")

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Amber D. Wilson, Washington, DC, for petitioner.
Mallori B. Openchowski, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 11, 2016, Robert St. Pierre ("petitioner") filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging that he suffered Guillain-Barré syndrome ("GBS") as a result of his August 21, 2015 receipt of the pneumococcal conjugate ("Prevnar-13") vaccine.   Pet. at 1.

On July 3, 2018, the parties filed a stipulation in which they agreed to settle this case and described the settlement terms.   Respondent denies that the Prevnar-13 vaccine caused or significantly aggravated petitioner's alleged injury or any other injury.   Nonetheless, the parties agreed to resolve this matter informally.   On the same day, the undersigned issued a decision awarding compensation in the amount and on the terms set forth in the stipulation.   Judgment

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.**   In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.   If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

entered on July 6, 2018.

On October 16, 2018, petitioner filed a motion for attorneys' fees and costs ("Fees App."), requesting attorneys' fees of $32,760.00 and attorneys' costs of $24,415.00, for a total request of $57,175.00.   Fees App. at 1-2.   Pursuant to General Order No. 9, petitioner has indicated that he has personally incurred costs in the amount of $11.50 in pursuit of this litigation.   Fees App. Ex. 66.   Respondent responded to the motion on October 22, 2018, indicating that he was "satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the undersigned to "exercise her discretion and determine a reasonable award for attorneys' fees and costs."   Response at 2-3.   Petitioner filed a reply on October 24, 2018, reiterating his belief that the requested amount of fees and costs is reasonable.   Reply at 4.   The matter is now ripe for disposition.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).   The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.   Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing.   See Ericzon v. Sec'y of HHS, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); Raymo v. Sec'y of HHS, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), mot. for rev. denied, 129 Fed. Cl. 691 (2016).   Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.   See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).   Additionally, it is firmly established that billing for clerical and other secretarial work is not permitted in the Vaccine Program.   Rochester v. United States, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services ... should be considered as normal overhead office costs included within the attorneys' fees rates"); Mostovoy v. Sec'y of HHS, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds petitioner's attorneys' fees rates to be acceptable and in conformance with what other special masters have awarded Maglio Firm attorneys and paralegals.   Additionally, the hours billed in this matter (135.7) appear to be largely reasonable.   The only reduction the undersigned will make is for time billed reviewing minute entries.   As the undersigned has noted in the past, these entries are essentially boilerplate language generated by CMECF to memorialize a conference or hearing involving the Court and the parties, and billing even 0.1 hours for review of these entries is, in the undersigned's experience, likely excessive.   See Krieg v. Sec'y of HHS, No. 16-1226V, 2018 WL 6427133, at *2 (Fed. Cl. Spec. Mstr. Nov. 2, 2018). The undersigned has noted five instances of such entries, including on 12/14/17, when two

2

paralegals billed for review of the minute entry (which would qualify as double billing as well). Fees App. Ex. 64 at 8-16.   Also, on 12/14/17, it appears that two paralegals each billed for review of the Court's Order, which was a straightforward order concerning future filing dates. Id. at 14-15.   Accordingly, the undersigned will reduce the amount awarded by **$87.30**.

Turning next to costs, petitioner requests a total of $24,415.00, the overwhelming majority of which ($22,250.00) is attributed to the work of Dr. Kazim Sheikh in preparing two expert reports.   Dr. Sheikh's requested rate of $500.00 per hour has been awarded previously by special masters.   See Robinson v. Sec'y of HHS, No. 15-967V, slip op. at 5 (Fed. Cl. Spec. Mstr. Sept. 12, 2018); Johnson v. Sec'y of HHS, No. 14-642V, slip op. at 3 (Fed. Cl. Spec. Mstr. Sept. 21, 2017).   Additionally, the number of hours billed by Dr. Sheikh (26.5) is reasonable in light of the amount of work performed in this matter, and Dr. Sheikh's billing entries clearly reflect the work being performed.   Accordingly, this cost shall be awarded in full.   The undersigned also finds all of petitioner's remaining costs to be reasonable. These costs consist of payment for medical records, postage, and the filing fee of this case.   All of these costs are typical of Vaccine Program cases, and petitioner has provided adequate documentation for all costs.   Accordingly, petitioner's requested costs shall be awarded in full.

Finally, pursuant to General Order No. 9, petitioner warrants that he has expended $11.50 for scanning and fax services.   Fees App. Ex. 66 at 1-2.   Petitioner has adequately documented this cost, and it shall also be awarded.

Accordingly, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.   The court awards the following:

1. **$57,087.70** (representing attorneys' fees in the amount of $32,672.70 and costs of $24,415.00) in the form of a check made payable jointly to petitioner and Maglio Christopher and Toale, PA; and

2. **$11.50** (representing petitioner's costs) in the form of a check made payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: January 11, 2019                                                  /s/ Laura D. Millman
                                                                                    Laura D. Millman
                                                                                    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.